[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Pursuant to an Order entered on February 12, 1992, the Superior Court, the Honorable Robert D. Krause presiding, approved the application of Maurice C. Paradis, then Director of the Department of Business Regulation, as Receiver of Heritage Loan and Investment Company ("Receiver") to have the Court appoint a master with respect to claims relating to "off-line" deposit accounts at Heritage Loan and Investment Company ("Heritage"). See the Order dated February 12, 1992. As a result of said Order, William J. McAtee, Administrator/Master of the Superior Court was appointed as Master in the above-captioned receivership.
The Order provided that the Master:
 "is appointed . . . for the purpose of hearing and determining the claims filed with the receiver relating to `off-line' deposit accounts, which claims shall be deemed to include claims to funds evidenced by handwritten or typewritten savings passbooks, claims to funds alleged to have been withdrawn without the depositor's authority to do so, claims to funds evidenced by safekeeping receipts, and claims to any funds which are not verifiable on the computer records maintained by Heritage Loan and Investment Company;"
 "That Master McAtee shall have all of the powers of a Justice of the Superior Court with respect to the hearings and determination of `off-line' deposit account claims, including, without limitation, those powers enumerated in Rhode Island General Laws § 8-2-11.1 (1985 Reenactment)."
R.I.G.L. 8-2-11.1 provides, in pertinent part, that:
 "Such administrator/master may be authorized: (1) To regulate all proceedings before him; (2) To do all acts and take all measures necessary or proper for the efficient performance of his duties; (3) To require the production before him of books, papers, vouchers, documents and writings; (4) To rule on the admissibility of evidence; (5) To issue subpoenas for the appearance of witnesses, to put witnesses on oath, to examine them and to call parties to the proceeding and examine them upon oath;"
In accordance with the above, a hearing was held on the above referenced claim on December 13, 1993. At the conclusion of the hearing, the parties submitted Post-Hearing Memoranda.
Claimant, now deceased, has made claim to two accounts. The first, Account Number 02-06-006051-7 is claimed to have a balance of $229,300 and the second, Account Number 02-29-900697-4, a Christmas Club account, a balance of $8,383.51.
The computerized records of Heritage show a balance in the former of $6,639 and in the latter of $8,383.51. Claimant's estate bases its claim on a passbook for the first claimed account. The passbook has the number 229,300 handwritten on the top of the page. That number does not appear in any of the passbook columns or the records of Heritage. Furthermore, that number is undated and even lacks any indication that it is a dollar amount.
During the period that Claimant banked at Heritage, he would cash the checks of others several times a week. In cashing these checks, he was often assisted by Mr. George Marzilli an employee of Heritage. Mr. Marzilli testified that at times Claimant would cash up to $35,000 of checks, sometimes taking cash, at other times depositing the proceeds. Occasionally, Claimant would leave the checks with Marzilli and return later to pick up his cash. Claimant was not, as a matter of course, given deposit slips to sign.
Several months before the closure of Heritage, Claimant was dealing with Mr. Peter Iannuccilli rather than Marzilli. Marzilli identified the handwritten number in the above referenced passbook to be the writing of Iannuccilli. However, Marzilli never saw the notation until taking the stand at the hearing.
The passbook of the first claimed account contains several pages of deposits and withdrawals between August and November of 1990. No evidence was ever introduced to show that any withdrawal was unauthorized even though no withdrawal slips were signed.
Claimant's wife, who filed for divorce in September of 1990, testified that Claimant had received his money from Heritage before it closed.
It would appear from the evidence presented and the testimony at the hearing that Claimant used the first claimed account to cash checks he received from others in the course of the Claimant's business. However, evidence was not introduced to convince the Court that the balance in each account is anything other than that shown in the records of Heritage.
Accordingly, it is the finding of this Court that the Claimant is entitled to $6,639 in Account Number 02-06-006051-7 and $8,383.51 in Account Number 02-29-900697-4. Counsel will prepare an order in accordance with this decision.